UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS J. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O T. YOUNG, et al.,<br><br>    Defendants. | No. 2:12-cv-0318 KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is defendants' motion to dismiss. Defendants move to dismiss on the grounds that defendants did not use excessive force, but rather used de minimis force, and that plaintiff's excessive force claim is barred by Edwards v. Balisok, 520 U.S. 641 (1997). For the following reasons, the undersigned recommends that defendants' motion to dismiss be denied.

Plaintiff's Allegations

    In his amended complaint, plaintiff claims he is legally blind/visually impaired, and that when he attends yard he is required to wear a bright neon green vest that has "visual impaired" on the back. On July 28, 2009, while wearing the neon green vest, plaintiff was on the yard and approached defendant T. Young, who was walking across the yard leaving work, allegedly so

plaintiff could find out why Booth Officer Young had been "picking on" plaintiff in the building. (ECF No. 8 at 6.) Plaintiff alleges the following verbal exchange occurred between plaintiff and defendant Young:

> P: "Why do you have a problem with me?"
>
> Young: "No, you just need to comply with the program."
>
> P: "I don't want any problems with you. So are we cool?"
>
> Young: "We're cool."

(Id.) Plaintiff turned around to walk away, and defendant Young yelled "Get down," and activated a Code 1 alarm on Facility B yard. Plaintiff claims everyone, including him, got down, and plaintiff looked around to see what caused the alarm. (ECF No. 8 at 6-7.) Plaintiff saw officers start running toward him telling him to get in a prone position. (ECF No. 8 at 7.) Plaintiff alleges he laid on his stomach with his hands to the sides and his legs straight, but when ordered to cross his hands and legs, he crossed his hands behind his back but did not cross his legs because he still had knee pain from recent knee surgery. (Id.) Plaintiff alleges that because he would not cross his legs, defendant Sharp sprayed pepper spray in his face while plaintiff was prone on the ground with his hands crossed behind his back. When defendant Sharp sprayed plaintiff, he turned around and sat up so the spray would hit his back and to protect his eyes. After the canister was empty, plaintiff laid back down on his stomach with his arms and legs straight out. Plaintiff was again ordered to cross his arms, which he did, and to cross his legs, which he did not. Defendant Fish then pepper sprayed plaintiff a second time in the face. Plaintiff sat up and turned his back to the spray to protect his eyes, and when the canister was empty, he laid on his stomach with his arms and legs straight out. (ECF No. 8 at 8.) Plaintiff was again ordered to cross his arms behind his back, which he did, and to cross his legs, which he did not. (ECF No. 8 at 9.) Defendant Hanks attempted to spray plaintiff again (a third time) but his spray can malfunctioned, so he retrieved another canister from an unidentified officer and sprayed plaintiff in the face a third time. Plaintiff sat up on his butt and turned so the spray would hit his back and not his eyes. When the canister was empty, plaintiff laid back down on the ground with his arms and legs straight out. Plaintiff was again ordered to cross his arms behind his back,

which he did, and to cross his legs, which he did not.  Then, defendant Beasley sprayed plaintiff in the face for the fourth time.  Plaintiff sat up on his butt and turned so the spray hit his back and he could protect his eyes.  (ECF No. 8 at 9.)  When the canister was empty, plaintiff laid back down with his arms and legs straight out.  (ECF No. 8 at 10.)  Plaintiff was again ordered to cross his arms, which he did, and to cross his legs, which he did not.  Defendant Hanks then pepper sprayed plaintiff in the face for the fifth time, with the same responses from plaintiff as set forth above.  Defendant Beasley and Hanks each sprayed plaintiff in the face two more times, for a total of nine separate instances of pepper-spraying, with plaintiff responding in the same fashion.  Finally, after allegedly watching this series of events, defendant Lt. D. Van Leer gave an order for officers to place plaintiff in handcuffs.  (ECF No. 8 at 12.)  Plaintiff declares that he never attempted to get to his feet before or after being pepper-sprayed.  (ECF No. 8 at 30.)  Plaintiff further avers that this incident started because defendant Young thought plaintiff contemplated assaulting defendant Young, even though plaintiff made no movement or gesture to indicate that was plaintiff's intention.  (ECF No. 8 at 31.)

Plaintiff contends that defendants Sharp, Fish, Hanks and Beasley used excessive force in restraining plaintiff, and that defendants Young and Van Leer failed to protect plaintiff from the use of excessive force.

Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3

1 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
2 upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
3 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
4 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556
5 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes
6 of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,
7 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

8      A motion to dismiss for failure to state a claim should not be granted unless it appears
9 beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
10 entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se
11 pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,
12 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz
13 v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*).  However, the court's liberal
14 interpretation of a pro se complaint may not supply essential elements of the claim that were not
15 pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

16      Generally, a court must resolve a motion to dismiss under rule 12(b)(6) by looking only at
17 the face of the complaint.  Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002).  It may,
18 however, rely on documents attached to the complaint or incorporated by reference in the
19 complaint or matters subject to judicial notice without converting the motion to dismiss into a
20 summary judgment motion.  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

21 Favorable Termination Rule

22      Defendants move to dismiss plaintiff's excessive use of force claim on the ground that the
23 claim is barred under Balisok, 520 U.S. at 648.  Defendants are correct that, generally speaking, a
24 plaintiff may not bring a civil rights action pursuant to § 1983 arising out of alleged
25 unconstitutional activities that resulted in his conviction unless the conviction has been set aside.
26 See Heck v. Humphrey, 512 U.S. 447, 477 (1994) (dismissing § 1983 action for damages based
27 on "actions whose unlawfulness would render a conviction or sentence invalid" when the
28 conviction or sentence has not yet been reversed, expunged, or otherwise invalidated); see also

4

Balisok, 520 U.S. at 648 (dismissing § 1983 action for declaratory relief and monetary damages because successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed).

However, a conviction for resisting a peace officer under California law does not necessarily preclude an excessive use of force claim pursuant § 1983. See Hooper v. County of San Diego, 629 F.3d 1127 (9th Cir. 2011) (Fourth Amendment excessive force claim not Heck-barred because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not "negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it [when she jerked her hand away from Deputy Terrell]."); Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) ("[A] § 1983 action is not barred under Heck unless it is clear from the record that its successful prosecution would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid.").

Moreover, California district courts have determined that Eighth Amendment claims under circumstances similar to those presented here are not Heck-barred. See Green v. Goldy, 2011 WL 2445872 (E.D. Cal. 2011) (prisoner's excessive force claim not Heck-barred because two factual predicates exist, one giving rise to the disciplinary conviction, and the other giving rise to a potential civil claim for excessive force); El-Shaddai v. Wheeler, 2011 WL 1332044, at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "a judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his disciplinary conviction" for willfully resisting a peace officer); Gipbsin v. Kernan, 2011 WL 533701, at *5-*7 (E.D. Cal. Feb. 11, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because success on plaintiff's claim would not necessarily negate his disciplinary conviction for battery on a peace officer or his criminal conviction in state court for battery); Meadows v. Porter, 2009 WL 3233902, at *2 (E.D. Cal. Oct. 2, 2009) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because a finding that an officer "responded to the attempted battery with excessive force would not negate any of the elements of attempted battery. And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events.");

Candler v. Woodford, 2007 WL 3232435, at *8 (N.D. Cal. Nov. 1, 2007) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "defendants have not shown that if plaintiff were to prevail on his excessive force claims the validity of the finding that he committed battery on a peace officer necessarily would be implicated").

Analysis

Plaintiff was cited for "Resisting a Peace Officer Resulting in the Use of Force," under § 3005(b) of the California Code of Regulations.[1]  (ECF No. 8 at 64-72.)  On August 14, 2009, plaintiff was found guilty of § 3005(d) of the California Code of Regulations.[2]

In this case, defendant is correct that plaintiff's claim that he did not refuse to follow defendant's order would necessarily implicate the validity of the guilty finding from the underlying prison disciplinary.  However, plaintiff's claim that defendants used excessive force, while plaintiff was on the ground, is not barred under Heck.  While the use of force may have been justified, plaintiff alleges excessive force was used.  Indeed, plaintiff alleges that defendants emptied their canisters of pepper spray on plaintiff nine separate times, while he was wearing his green vest marked "visual impaired," causing plaintiff extreme pain and potentially threatening his already impaired vision.  Thus, plaintiff's success on his Eighth Amendment excessive use of force claim would not necessarily imply the invalidity of the disciplinary conviction under

---

[1] Section 3005(b) provides:

> Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.

Cal. Code of Regs., tit. 15 § 3005(b).

[2] Section 3005(d) provides, in pertinent part:

> (d) Force or Violence.
>
> (1) Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person.

Cal. Code of Regs., tit. 15 § 3005(d).

1  § 3005. For plaintiff to succeed on his excessive use of force claim, he must prove that defendant
2  unnecessarily and wantonly inflicted pain on him during the use of force incident on July 28,
3  2009. Whitley v. Albers, 475 U.S. 312, 320 (1986). A number of factors will be relevant to
4  determine whether defendants' use of force violated plaintiff's rights under the Eighth
5  Amendment, including (1) the need for force, (2) the relationship between the need for force and
6  the amount of force used, (3) the extent of the injury inflicted, (4) the extent of the threat the
7  officer reasonably perceived the plaintiff posed to staff and inmates, and (5) any efforts to temper
8  the severity of a forceful response. Id. at 321.

9  Here, plaintiff has alleged sufficient facts demonstrating that a reasonable factfinder could
10  conclude both that plaintiff's conduct on July 28, 2009, violated § 3005, and that defendants used
11  excessive force in response to plaintiff's conduct. Such findings would not necessarily imply the
12  invalidity of plaintiff's disciplinary conviction. Although plaintiff's conduct and defendants'
13  alleged excessive use of force arise out of the same incident, two separate factual predicates exist,
14  the first giving rise to plaintiff's disciplinary conviction, and the second giving rise to defendants'
15  potential civil liability. See Hooper, 629 F.3d at 1132 ("Though occurring in one continuous
16  chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability
17  on the part of the criminal defendant, and the second giving rise to civil liability on the part of the
18  arresting officer," quoting Yount v. City of Sacramento, 43 Cal.4th 885, 899 (2008)). Here,
19  plaintiff concedes that he did not cross his legs as ordered by defendants, and that he sat up
20  despite defendants' orders to prone out. Thus, plaintiff is not challenging the underlying guilty
21  finding, but contends that defendants Sharp, Fish, Hanks, and Beasley used excessive force by
22  pepper-spraying him nine separate times (ECF No. 19 at 3), emptying their canisters of spray
23  each time, and that defendants Young and Van Leer failed to protect plaintiff from such excessive
24  force. The undersigned cannot conclude at the pleading stage that plaintiff's disobedience
25  justified the extensive use of pepper spray alleged by plaintiff. See Furnace v. Sullivan, 705 F.3d
26  1021, 1025 (9th Cir. 2013) (Eighth Amendment violation found where officer discharged can of
27  pepper spray until empty).
28  ////

Defendants argue that the facts established in the exhibits attached to plaintiff's complaint demonstrate that at most defendants used de minimis force. (ECF No. 15 at 7.) However, the exhibits appended to plaintiff's amended complaint do not negate plaintiff's excessive force claim as a matter of law. See Scanlan v. Sisto, 2012 WL 1130668, *2-3 (E.D. Cal. March 28, 2012).[3] "The fact that plaintiff has attached to his complaint documents showing prison officials found defendants' use of force was justified does not mean plaintiff has adopted as true all of the statements in those documents, where it is clear from the allegations in the complaint that he contests such findings." Furnace v. Sullivan, 2008 WL 4856826, *5 (N.D. Cal. Nov. 10, 2008), citing Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995) (holding Rule 10(c) of Federal Rules of Civil Procedure, providing that "an exhibit to a pleading is a part of the pleading for all purposes," does not require plaintiff to adopt as true full contents of documents attached to complaint).

Moreover, the rules violation report confirms that plaintiff was sprayed with pepper spray in his face at least seven different times after he was sitting on his buttocks on the ground or laying on his stomach on the ground. (ECF No. 8 at 65.) Although this differs from the nine times[4] alleged by plaintiff, the report does not state how much spray was used each time, and, taking plaintiff's allegations as true, a reasonable fact finder could find that using pepper spray seven different times in a row, under these circumstances, was excessive. See Vlasich v. Reynoso, 117 Fed. Appx. 568 (9th Cir. 2004) (a prisoner's allegation that prison officials pepper sprayed prisoner six times with 7-8 second bursts in response to the prisoner's refusal to turn over his food tray was sufficient to state a claim under the Eighth Amendment.)

////

---

[3] In Scanlan, the district court discussed the evaluation and use of exhibits appended to the complaint under Rule 10(c) of the Federal Rules of Civil Procedure, and distinguished how "the court may reject what the plaintiff says about the report," but "the court cannot summarily reject plaintiff's allegations that in fact the prison authorities took no action, regardless of what the incident report says." Scanlan, at *3.

[4] The incident report states plaintiff was sprayed with pepper spray nine times. (ECF No. 8 at 35.)

Moreover, plaintiff alleges that the pepper spray canister was emptied each time. In Clement v. Gomez, 298 F.3d 898, 901-02, 906 (9th Cir. 2002), the Ninth Circuit found no constitutional violation when officers applied two bursts of pepper spray into a cell, each lasting five seconds, when one prisoner had another prisoner in a headlock, was punching him in the face and slamming his head against the wall, and threatening to kill him. Id. In Furnace v. Sullivan, 705 F.3d at 1028, quoting Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979), the Ninth Circuit noted that it had previously held that "'use of [tear gas] in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required.'" Id. However, the Ninth Circuit concluded that "the principle articulated in Spain with respect to tear gas also applies to pepper spray," and agreed that "[i]t is generally recognized that 'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Furnace v. Sullivan, 705 F.3d at 1028, citations omitted.

      Taking plaintiff's allegations as true, the alleged discharge of defendants' entire pepper spray canisters on nine separate occasions, or even seven separate occasions, in a visually-impaired inmate's face, while the inmate was wearing a neon green vest marked "visual impaired," supports a reasonable inference of wanton infliction of pain in violation of the Eighth Amendment. See Whitley, 475 at 320-21 (considering the need for the application of force and the relationship between the need and the amount of force used in evaluating a claim of excessive force). Arguably, plaintiff's conduct did not warrant use of entire canisters of pepper spray by defendants, particularly after the first administration of pepper spray, because plaintiff was seated on the ground, surrounded by numerous correctional officers, and claims he did not attempt to get up. Indeed, plaintiff alleges that by the time he was sprayed the third time, there were five correctional officers around him. (ECF No. 8 at 65.) While plaintiff may have been disobedient, in that he initially refused to obey defendant Young's first order to get down, and then sat on his buttocks rather than lie prone in response to the second verbal order, and sat up on his buttocks in the face of subsequent orders to lie prone, the rules violation report does not state that plaintiff

was attempting to get back up or threatening the correctional officers either physically or verbally after he sat on the ground in response to defendant Young's second verbal order to get down.

Finally, the rules violation report confirms that plaintiff was a mental health program participant at the CCCMS level of care, and was in the disability placement program category.

Thus, at this juncture this court cannot find that the exhibits appended to plaintiff's amended complaint demonstrate that defendants' use of pepper spray constituted de minimis force.

Defendants also argue that plaintiff's injuries are de minimis at best. (ECF No. 20 at 3.) However, in Hudson v. McMillian, 503 U.S. 1, 7 (1992), the Supreme Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. Id. The "core judicial inquiry," was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7; see also Whitley v. Albers, 475 U.S. 312, 319-21 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Supreme Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9; see also id. at 13-14 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with ‚significant injury,' e.g., injury that requires medical attention or leaves permanent marks"). A plaintiff's failure to allege substantial or long-term injury is not fatal to an Eighth Amendment claim. See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (core judicial inquiry is not whether a certain quantum of injury was sustained, but whether force was applied in a malicious and sadistic manner.)

On a motion to dismiss, plaintiff is not required to provide evidence of injury. Plaintiff's allegations that he sustained extreme pain from the pepper spray and feared that his already impaired vision would be further injured by the pepper spray are sufficient.

10

Conclusion

For the reasons discussed above, the undersigned recommends that defendants' motion to dismiss be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that

1. Defendants' motion to dismiss (ECF No. 15) be denied; and

2. Defendants be directed to answer the complaint within twenty-one days from any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 24, 2014

will0318.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE